Archie G. KIRVEN, Jr., Petitioner,

v.

POLICE AND FIREMEN'S RETIRE-
MENT AND RELIEF BOARD et
al., Respondents.

No. 11602.

District of Columbia Court of Appeals.

Argued Sept. 28, 1977.

Decided Nov. 29, 1977.

Joseph E. Bankert, Washington, D. C., for petitioner.

Margaret L. Hines, Asst. Corp. Counsel, Washington, D. C., with whom John R. Risher, Jr., Corp. Counsel and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on the brief, for respondents. Louis P. Robbins, Principal Deputy Corp. Counsel, Washington, D. C., also entered an appearance, for respondents.

Before KELLY, YEAGLEY and MACK, Associate Judges.

PER CURIAM:

On November 26, 1976, the District of Columbia Police and Firemen's Retirement and Relief Board found Officer Archie Kirven to be permanently disabled not in the line of duty. Specifically, the Board found that Kirven suffered from "depressive neurosis," which was defined as "a depressive state resulting from Officer Kirvin's [sic] tendency to somatacize his various aches and pains." On appeal, petitioner Kirven contends that the Retirement Board's hearing officer erroneously refused to allow him to introduce evidence relating to certain physical injuries. We agree that the evidence should have been admitted.

Officer Kirven was appointed as a policeman on January 30, 1967. There is no indication that he had any physical or psychiatric handicaps prior to this date. On April 11, 1969, Kirven was injured in an

on-duty automobile accident and used 96 hours of leave. On June 5, 1970, Kirven suffered another injury, getting out of a car while on duty. On October 20, 1970, he fell down a staircase while on duty and used 166 hours of sick leave. On January 13, 1971, Officer Kirven slipped on ice, again while on duty. On June 9, 1972, Kirven fell from a rooftop and needed 238 hours of leave to recover. In October of that year, the officer was referred for the first time to the psychiatric department of the Police and Fire Clinic, where the following entry was made:

> 10/19/72 This is typical referral from the Medical or Surgical Department, namely, a man who somatizes [sic, written in by hand on the typed report] his tensions to his back or head. Under treatment by the Medical and Surgical Department for headache and back pain for a considerable period of time. He was on light duty for three months. He has recently been on sick leave but Thursday October 19, will try to return to duty.

Between October 1972 and December 1973, Kirven went for five psychiatric consultations. From December 1973 to June 1974, he went without psychiatric help. On June 9, 1974, Kirven was injured in a "severe" on-duty automobile accident and used 237 hours of leave. On June 27 of that year, he resumed his psychiatric consultations. From June 1974 until February 1975, there were frequent consultations, but from February 1975 until mid-1976, Kirven again went without psychiatric assistance. On April 27, 1976, petitioner suffered still another car accident while on duty, and never returned to work thereafter. His psychiatric visits recommenced May 5 of the same year and continued on a regular basis until the retirement hearing in November.

Prior to Officer Kirven's disability hearing, the Surgical Department of the Police and Fire Clinic, in consultation with the Psychiatric Department, determined that no disabling surgical problem was present, and that consequently Officer Kirven's case should be "presented on a psychiatric basis." As a result of this decision, the hearing officer refused to allow Kirven to call witnesses to testify about his physical ailments, and refused to allow questions on cross-examination relating to the officer's claimed injuries.

D.C.Code 1973, § 1–1509(b) provides that in contested cases, every party to an administrative proceeding "shall have the right to present in person or by counsel his case or defense by oral and documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts." Only "irrelevant, immaterial, and unduly repetitious evidence" may be excluded. D.C.Code 1973, § 1–1510(3)(D) gives our court power to set aside administrative action or findings and conclusions found to be "without observance of procedure required by law." We hold that Officer Kirven's proffered evidence was not irrelevant, immaterial, or repetitious, and should have been considered by the hearing officer.

■ Under the pertinent statute, the Retirement Board needed to determine not only whether Officer Kirven was permanently disabled, but also whether the disability was caused or aggravated in the line of duty. D.C.Code 1973, §§ 4–526 and –527. In mixed cases, involving both non-service-related psychological disorder and service-related physical trauma, we have held that

> the Retirement Board is obligated to consider all the relevant factors, determine their relationship to each other, and, if possible, evaluate their relative causative significance. [*Morgan v. District of Columbia Police & Firemen's Retirement & Relief Board*, D.C.App., 370 A.2d 1322, 1325 (1977) (footnote omitted).]

Among the factors to be considered and weighed are:

> (1) the nature and degree of abnormality of the underlying psychological characteristics, (2) the likelihood that the disabling manifestations of such characteristics would have appeared despite the particular trauma or circumstances under consideration, and (3) whether there had been any previous indication that the disability (as distinct from the mere poten-

tial therefor) had begun to manifest itself as a result of circumstances external to the officer's service. [*Stoner v. District of Columbia Police & Firemen's Retirement & Relief Board*, D.C.App., 368 A.2d 524, 531 (1977) (footnote omitted).]

■ At the time of petitioner Kirven's retirement hearing in November, 1976, our decisions in *Morgan* and *Stoner* were not yet on the books. Clearly, however, under the guidelines laid down in *Morgan* and *Stoner*, testimony bearing on the relationship between Officer Kirven's mental state and his service-related injuries was essential to a proper assessment of the question of causation. On remand, the Board should hear and consider all such testimony, and make new findings and conclusions in accord with the law of those two cases.

*It is so ordered.*